## COMMONWEALTH *vs.* JOHN GAZZOLO.

Suffolk.　June 25. — Sept. 6, 1877.　COLT & SOULE, JJ., absent.

On the issue whether a person, charged with receiving stolen goods, knew them to be stolen, evidence of the thief's reputation in the community, and among those by whom he was known, as to his being a regular and honest dealer in goods such as were stolen, is admissible.

INDICTMENT for receiving stolen goods.

At the trial in the Superior Court, before *Dewey*, J., there was evidence that one Salvini had been convicted of stealing the goods in question, which were boots and shoes; that the defendant lived in the same house and occupied the same room and bed with Salvini for a certain period during which the larcenies were supposed to have been committed; that Salvini professed to be an honest and lawful dealer in boots and shoes, and brought, from time to time, packages of the same to the house; that the defendant sold them for him on various terms, and bought and traded in them with him, and had so received a part of the stolen property; and that Salvini openly sold boots and shoes and traded in the same.

The defendant asked a witness called by him the following question: "What was Salvini's reputation and standing in the community, and among those by whom he was known, as to his being a regular and honest dealer in boots and shoes?" The judge did not allow this question to be answered.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*C. H. Hudson*, for the defendant.

*W. C. Loring*, Assistant Attorney General, (*C. R. Train*, Attorney General, with him,) for the Commonwealth.

MORTON, J.　One of the issues in this case was, whether the defendant, at the time he received the goods from the thief, knew that they were stolen. This involved an inquiry into the state of his mind, or his belief. Any evidence was competent which would tend to prove the existence of facts which would naturally influence the minds of men, under the same circumstances, in forming a conclusion upon the subject matter involved in the issue.

Thus, where the question of reasonable cause to believe a person insolvent is in issue, it has been held that the general reputation of such person as to credit and solvency was competent. *Bartlett* v. *Decreet*, 4 Gray, 111. *Heywood* v. *Reed*, 4 Gray, 574. The reason is, that the belief of men who have not personal knowledge may reasonably be presumed to be influenced by the reputation which a party, with whom they have transactions, has acquired and maintained among those who know him.

In the case at bar, the government proved that the defendant received boots and shoes of Salvini under circumstances which would naturally excite suspicion in the mind of an honest man. The fact, if it existed, that the reputation of Salvini was that of " a regular and honest dealer in boots and shoes," would naturally tend to lull suspicion and induce the belief that the goods were not stolen. The weight of the evidence offered was for the jury ; but we are of opinion that the question put to a witness for the defendant, " What was Salvini's reputation and standing in the community, and among those by whom he was known, as to his being a regular and honest dealer in boots and shoes ? " was improperly excluded. *Exceptions sustained*